UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GISHELA GUILLEN and TERESA SANDBERG,

Plaintiffs,

v.

EL DORADO COUNTY; LYNDA JORGENSON; MELANIE SHASTA; KEVIN BAILEY; and DOES 1 to 50, inclusive,

Defendants.

No. 2:25-CV-02588-TLN-CKD

**ORDER**

This matter is before the Court on Plaintiffs Gishela Guillen and Teresa Sandberg's ("Plaintiffs") Motion for a Temporary Restraining Order. (ECF No. 19.) Defendants El Dorado County ("County"), Lynda Jorgenson, Melanie Shasta, and Kevin Bailey ("Defendants") filed an opposition. (ECF No. 20.) Plaintiffs filed a reply. (ECF No. 21.) For the reasons set forth below, Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the instant Motion for a Temporary Restraining Order on October 3, 2025, seeking the following relief:

> 1. Enjoining Defendants from expiring the current business license set to expire on 10/31/25 or enjoin Defendants from refusing to issue a Hosted Permit due to baseless citations and fines;
>
> 2. Enjoining El Dorado County code enforcement from arbitrarily citing and fining Plaintiffs based on a claim of the lack of a valid VHR permit or violation of their hosted rental business license until an injunction and declaratory relief hearing can be set;
>
> 3. Ordering a stay on the collection of all currently alleged fines based on the false allegation that Plaintiffs are operating without a VHR permit and/or hosted rental business license until an OSC and/or dec relief hearing can be set.

(ECF No. 19 at 19.)[1,2]

The factual basis for Plaintiffs' requested relief is difficult to follow, however the Court understands the underlying case to concern permits to operate a short-term rental property in South Lake Tahoe. (*Id.* at 2–3.) As relevant to the instant motion, Plaintiffs applied for and were approved a Vacation Home Rental ("VHR") permit for calendar year 2019. (*Id.* at 4.) Plaintiffs contend their VHR permit was extended for 2020 and a new permit was issued for 2021. (*Id.* at 4–6.) However, on June 29, 2021, Plaintiffs were informed the application to renew their 2021 VHR permit was denied due to two open code cases, which County officials confirmed were for renting a property without a VHR permit. (ECF No. 1-20 at 16.) Plaintiffs were also informed that the County was not accepting new VHR applications because it had reached its VHR permit cap, but Plaintiffs could apply to be on the waitlist. (*Id.*)

Thereafter Plaintiffs began operating their property as a "hosted" rental, which is a rental where the owner remains onsite during the rental period. (*Id.* at 14; ECF No. 19 at 7.) To operate

---

[1] Plaintiffs also seek an "an order to show cause why a preliminary injunction should not be issued[.]" (ECF No. 19 at 19.) As the Court finds Plaintiffs fail their burden to obtain a temporary restraining order, the Court declines to issue the requested order to show cause.

[2] Plaintiffs make minor changes to the requested relief in their reply. (ECF No. 21 at 1–2.) The only substantive change is Plaintiffs' first request now also asks that Defendants be enjoined from refusing to issue a Vacation Home Rental Permit. (*Id.* at 1.)

a hosted rental, Plaintiffs were only required to hold a business license. (ECF No. 19 at 7; ECF No. 19-4 at 2.) However, following an ordinance change in 2024, once Plaintiffs' business license expires on October 31, 2025, Plaintiffs will need a permit to operate a hosted rental. (ECF No. 19 at 7.)

Plaintiffs allege that Defendants have engaged in a "campaign of harassment" related to their rental property for the past five years, resulting in fines of approximately $30,100. (*Id.* at 4–5, 8.) Plaintiffs claim Defendants have taken a variety of actions to prevent Plaintiffs from obtaining a VHR permit including issuing baseless citations, revoking Plaintiffs' VHR permit without a hearing, and visiting the property and disturbing occupants. (*Id.* at 4–8.)

Plaintiffs filed suit on April 28, 2025, in El Dorado County Superior Court. (ECF No. 1.) Plaintiffs filed the operative Second Amended Complaint on August 20, 2025, and the case was removed to this Court on September 9, 2025. (*Id.*) The Second Amended Complaint lists the following as causes of action: (1) violation of procedural due process; (2) retaliation for First Amendment activities; (3) writ of mandate; (4) injunctive relief; (5) declaratory relief; and (6) attorney's fees. (ECF No. 1-20.)

## II. STANDARD OF LAW

A temporary restraining order ("TRO") is an extraordinary remedy. The purpose of a TRO is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also* *Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a

trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

For both a TRO and preliminary injunction, a plaintiff must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for a TRO or preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a TRO or preliminary injunction even if there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, if a plaintiff's likelihood of success on the merits is questionable, to obtain a TRO or preliminary injunction the plaintiff must demonstrate the balance of hardships "tip[ ] sharply" in their favor. *Id.* at 1134–35.

## III. ANALYSIS

Plaintiffs argue they are entitled to an injunction because Defendants have refused to acknowledge their valid VHR permit, harassed Plaintiffs and their occupants, and issued excessive citations and fines. (ECF No. 19 at 9–14.) Plaintiffs contend they will suffer irreparable harm absent an injunction because Defendants' "conduct on its face is insufferable and infringing on Plaintiff[s'] use and enjoyment of [their] real property causing irreparable harm daily[.]" (*Id.* at 14–15.) Plaintiffs also argue their business reputation will be harmed, they will suffer emotional distress, they will continue to receive unsubstantiated fines, and they may be forced to sell their house. (*Id.* at 14.)

In opposition, Defendants point to several procedural deficiencies in Plaintiffs' motion and argue Plaintiffs seek to upend the status quo given that they only held a valid VHR permit for

///

2019 and have not applied for a VHR permit since 2021.[3] (ECF No. 20 at 3–5.) Defendants also argue Plaintiffs fail to plead a viable cause of action and misrepresent the facts, and Plaintiffs' requested relief is nonsensical. (*Id.* at 5–10.)

As an initial matter, Plaintiffs' motion relies almost exclusively on California state law. Plaintiffs argue they are entitled to an injunction pursuant to California Code of Civil Procedure § 526(a)(1), which provides that an injunction may be granted "[w]hen it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained or, either for a limited period or perpetually." Cal. Civ. Proc. Code § 526(a)(1). In arguing they meet this standard, Plaintiffs neglect to address the factors courts must consider to issue a TRO under federal law. While Plaintiffs' motion can be read as advancing arguments on the first two *Winter* factors of success on the merits and irreparable harm, Plaintiffs put forward no argument related to the remaining *Winter* factors concerning the balance of equities and public interest. Plaintiffs' reply apparently attempts to correct this error by including a section titled, "The Balance of Equities and Public Interest Favor Preserving the True Status Quo," but apart from stating that a TRO imposes minimal burden on the County, Plaintiffs present no substantive argument on either factor. (ECF No. 21 at 4–5.) Plaintiffs thus fail to make a sufficient showing of the balance of equities and public interest as required by *Winter* to obtain a TRO from this Court.

As for the *Winter* factors Plaintiffs do discuss, Plaintiffs' arguments are largely unintelligible and ultimately unavailing. Plaintiffs make conclusory statements asserting they are "likely to succeed on the merits" generally, but do not clearly identify, describe, or analyze any particular claim or element of a claim on which they will prevail. For example, Plaintiffs state they "are likely to succeed on the merits as [they] were issued a VHR permit in December 2019, it was ordered reinstated by a hearing officer, [and] it was extended to December 2021." (ECF No. 19 at 13.) But it is unclear what claim or elements these facts correspond to. As another

---

3 The Court does not address the procedural deficiencies in Plaintiffs' motion or the parties' disagreement on the correct status quo because, as described below, Plaintiffs fail to meet their burden to obtain a TRO.

example, Plaintiffs state that Defendants' conduct "violates Plaintiff's procedural due process, violates the Eighth Amendment, violates the Takings Clause, and constitutes Ultra Vires Acts[.]" (*Id.* at 11.) But from this list, Plaintiffs' Second Amended Complaint only contains a procedural due process claim. (ECF No. 1-20.) It is thus unclear whether when Plaintiffs state they are likely to succeed on the merits, they are referring to claims before this Court or claims not pled. In their reply, Plaintiffs more clearly state their position is that they will succeed on the merits of their due process claim, but they only cite *Sheetz v. County of El Dorado*, 601 U.S. 267, 274–76 (2024), which is a case about the Fifth Amendment's Takings Clause, not due process.[4] (ECF No. 21 at 4–5.) For these reasons, Plaintiffs have failed their burden to establish a likelihood of success on the merits.

As for the likelihood of suffering irreparable injury, Plaintiffs' claimed injuries are vague, speculative, and premised on the Court finding Defendants have and are currently engaging in illegal conduct. Plaintiffs claim that absent a TRO they will face harassment and conduct that is "insufferable and infringing on Plaintiff[s'] use and enjoyment of [their] real property[.]" (ECF No. 19 at 15.) The specific conduct Plaintiffs point to is Defendants' issuance of fines and visits by code enforcement. (*Id.* at 15, 17.) Defendants argue the citations are legitimate. (ECF No. 20 at 8–10.) Without opining on the accuracy of Plaintiffs' characterization of Defendants' behavior, the Court finds the conduct Plaintiffs complain of is too broad and vague to be enjoined. Plaintiffs also claim they may receive bad reviews, lose bookings, be forced to sell their house, and "money will just not compensate for the reputational loss to their small business or the need to order reinstatement of the duly obtained VHR permit." (ECF No. 19 at 15–16.) However, Plaintiffs provide no evidence demonstrating any of these concerns are likely or imminent. *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("an injunction cannot issue merely because it is possible that there will be irreparable

---

[4] The basis for Plaintiffs' due process claim, as it relates to the instant motion, is not entirely clear to the Court. Plaintiffs note that if they want to contest a citation, they must first pay the fine before receiving an appeal hearing. (ECF No. 19 at 10; ECF No. 21 at 4.) However, it does not appear Plaintiffs are challenging this requirement or any policy governing the County's issuance of citations and fees as violating due process.

injury to the plaintiff; it must be likely that there will be.”). Further, in the event Plaintiffs prevail in this case, the Court is not convinced monetary or injunctive relief will be an inadequate remedy. Plaintiffs thus fail to establish a likelihood of irreparable harm.

In sum, the Court finds Plaintiffs have not met their burden to obtain a TRO. Accordingly, Plaintiffs’ motion is denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff’s Emergency Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Date: October 16, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE